DICKINSON, Presiding Justice,
specially concurring:
¶ 10. While I agree with the majority that workers’ compensation applicants must follow the law, I am surprised to read this Court’s doctrinaire view that the Commission’s rules — which, in terms of authority, hardly rise to the level of statutes — should be so strictly applied. Were all members of this Court to apply the same level of commitment to the strict application of statutes (say, for instance, the State’s statutory obligation to bring the accused to trial within 270 days),[11] some of this Court’s decisions[12] would certainly have been different.
*1048 ¶ 11. I am of the opinion that the law should be strictly applied — whether doing so serves to benefit the accused or the State in a criminal prosecution; or to grant or deny benefits to an injured worker. And I respectfully suggest that prosecutors and judges are no less obligated to follow the law than are applicants for workers’ compensation benefits or the accused in criminal proceedings. Lady Justice, I am told, is supposed to be blind. I therefore specially concur in the majority opinion, and take this opportunity to record my notice of this Court’s troubling inconsistency.

. Miss.Code Ann. § 99-17-1 (Rev. 2007).

. McBride v. State, 61 So.3d 138 (Miss.2011); Murray v. State, 967 So.2d 1222 (Miss.2007).